IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CYNTHIA BAKER et al.,<br>            Plaintiffs,<br>    v.<br>JOHN WALTERS, et al.,<br>            Defendants. | No. 3:22-cv-552-M |

# MEMORANDUM OPINION AND ORDER

## Background

Plaintiffs Cynthia and Christopher Baker (the "Bakers") filed a Motion to Compel, s*ee* Dkt. No. 26 (the "MTC"), which United States District Judge Barbara M. G. Lynn referred to the undersigned United States magistrate judge for a hearing, if necessary, and determination under 28 U.S.C. § 636(b), *see* Dkt. No. 27.

The Court granted the MTC and explained that

> Federal Rule of Civil Procedure 37(a)(5)(A) requires the Court to order payment of the movant's reasonable expenses in making a motion to compel, including payment of attorneys' fees, when a motion to compel is granted. See FED. R. CIV. P. 37(a)(5)(A).
> But Rule 37(a)(5)(A) also requires the Court must give Defendants an opportunity to be heard as to an award of fees and expenses and provides three exceptions under which the Court must not order payment of the movant's fees and expenses. See FED. R. CIV. P. 37(a)(5)(A)(i)-(iii).
> The Court finds that the Bakers filed their MTC motions only after attempting to obtain the responses to their discovery requests without court action, as the MTC and its supporting exhibits show. *See* Dkt. No. 26 at 2-3.
> But the Court will grant Defendants John Walters, as trustee of the Camellia Trust, ETA, and Tyler Seguin an opportunity to, by **Thursday, February 16, 2023**, file a response describing why the Court should not award expenses under Rule 37(a)(5)(A) – specifically, requiring Defendants' and/or their counsel pay the Bakers their

-1-

> reasonable attorneys' fees and costs incurred in preparing and filing their MTC and reply and appendices in support – by fully discussing whether either of the other two exceptions applies or, specifically, whether Defendants' failures to timely and properly respond and object to the Bakers' requests for production were "substantially justified" or whether other circumstances make an award of expenses under Rule 37(a)(5)(A) unjust.
>
> If Defendants file a response, the Bakers may, by **Thursday, March 2, 2023**, file a reply in support of an award under Rule 37(a)(5)(A), which reply must be limited to addressing whether any exception under 37(a)(5)(A)(i)-(iii) should preclude an award of expenses.
>
> The reply need not and should not include any affidavits or declarations supporting a lodestar determination for a fee award. If, based on this response and reply, the Court determines to award expenses, the Court will issue a separate order directing the filing of materials to determine the amount of any award.
>
> ….
>
> For the reasons and to the extent explained above, the Court grants Plaintiffs Cynthia and Christopher Baker's Motion to Compel [Dkt. No. 26] and orders Defendants John Walters, as trustee of the Camellia Trust, ETA, and Tyler Seguin to, by **Thursday, February 9, 2023**, serve on Plaintiffs Cynthia and Christopher Baker's counsel complete written responses – without objections – to Plaintiffs' First Set of Requests for Production to Defendants and produce all unproduced, non-privileged documents and electronically stored information that are responsive to Plaintiffs' First Set of Requests for Production to Defendants and that are in Defendant's possession, custody, or control, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements, as explained above and laid out in *VeroBlue*, 2021 WL 5176839, at *6-*9, and *Lopez*, 327 F.R.D. at 575-79.

Dkt. No. 26 at 1, 27-29.

In their response, Defendants John Walters, as trustee of the Camellia Trust ETA, and Tyler Seguin oppose the award of fees, arguing that "[t]here is not one document Defendants have refused to produce because of either an objection asserted against the Requests for Production or under any theory of privilege" and that

"Defendants have produced every responsive document in their possession, custody, and control, and … Defendants were substantially justified in their response to Plaintiffs' Requests for Production and an award of expenses would be unjust." Dkt. No. 31 at 2. In support, Defendants argue:

> ***i.   Defendants Timely Produced Documents Pursuant to Agreement With Plaintiffs' Counsel***
>
> On December 6, 2022, Defendants counsel committed to producing the majority, if not all of the responsive documents by the following week. In response, Plaintiffs' agreed to extend the deadline to produce documents to December 15, 2022. Before the day ended on December 15, 2022, Plaintiffs' counsel filed Plaintiffs' Motion to Compel.
>
> Defendants' counsel immediately responded and stated he had been out of the office all week with health issues and apologized for the delay in the production of documents, which was caused by counsel's bronchitis and related symptoms.
>
> Counsel for Plaintiffs and Defendants spoke on the phone the following day, December 16, 2022, and agreed to extend the deadline for Defendants to produce documents to the following week. On Tuesday, December 20, 2022, Defendants produced to Plaintiffs a link to Defendants' Document Production JWTS 000001-000224.
>
> ***ii.   Defendants Did Not Withhold The Production of Any Documents***
>
> Following the production of documents on December 22, 2022, counsel for Plaintiffs and Defendants conferred on the phone regarding the document production.
>
> On this call, Defendants' counsel confirmed that there were no documents being withheld, through either objection or privilege. Defendants' counsel confirmed that Defendants undertook a diligent effort to identify and compile documents responsive to all Requests for Production and provided these documents to Defendants' counsel.
>
> During the December 22, 2022 conference call, Defendants' counsel invited Plaintiffs' counsel to provide a list of specific documents Plaintiffs believed were missing from Defendants' production, but Plaintiffs' counsel declined to do so, and instead referred Defendants' counsel back to the complete Requests for Production.
>
> Defendants confirmed in their January 5, 2023 Response to Plaintiffs' Motion to Compel that "there are no documents being withheld, either based on discovery objections or privilege."

Dkt. No. 31 at 2-3 (cleaned up).

Defendants further explain that, after entry of the Court's order granting the MTC, Defendants supplemented their document production on February 13, 2023:

> In Plaintiffs' Reply in Support of Their Motion to Compel, Plaintiffs charge that Defendants are "unquestionably withholding a wide swath of material". As an example, Plaintiffs specifically identified an instrument filed in the Dallas County deed records dated September 13, 2016. Based, in part, on Plaintiffs' assertions in their Reply that Defendants were withholding documents, the Court, in its Memorandum Opinion and Order stated that Plaintiffs have "persuasively shown, including through the documents that have been produced or that Defendants have previously referenced in connection with this matter, that additional responsive materials exist that Defendants have not produced."
>
> Defendants re-doubled their efforts to find any responsive documents that had not been previously produced pursuant to their duty to supplement their document production. *See, e.g., Brennan's Inc. v. Dickie Brennan & Co.*, 376 F.3d 356, 374-75 (5th Cir. 2004) ("Rule 26(e) imposes 'a duty to supplement or correct [a] disclosure or response to include information thereafter acquired'"). Defendants specifically searched for any deed records in their possession, custody, or control in which the Camellia Trust was a grantor or grantee because such documents were specifically identified in Plaintiffs' Reply Brief and the Court's Memorandum Opinion and Order. This search was unfruitful however, as no additional deed records were discovered by Defendants. Undeterred by their supplemental search, Defendants took the additional step of searching the deed records of the Dallas County Clerk Recording Division for any recorded documents relating to the Camellia Trust and purchasing those documents from Dallas County.
>
> Therefore, Defendants not only satisfied their duty under the Federal Rules of Civil Procedure in responding to Plaintiff's Requests for Production, but actually searched for and purchased responsive documents that Plaintiffs' alleged Defendants were "unquestionably withholding" and that were publicly available.
>
> All told, Defendants purchased 15 instruments recorded in Dallas County and included these instruments in a supplemental document production to Plaintiffs on February 13, 2023. [The parties agreed to

extend Defendants' deadline to produce documents to February 13, 2023.]

### iv. *Defendants' Supplemented Their Document Production on February 16, 2023*

Defendants not only reviewed their own emails, cell phones, and paper records for responsive documents, but also requested third parties to provide documents – specifically Rampart Insurance Services ("Rampart"). Following Defendants' February 13, 2023 document production, Defendants received documents from Rampart. These documents were compiled, reviewed, Bates labeled and produced on February 16, 2023 as JWTS 000428-000439. Included in this production is the homeowner's insurance application dated September 6, 2016 submitted to procure the AIG insurance policy at issue in this litigation.

Plaintiffs' counsel and Defendants' counsel conferred on February 15, 2023 regarding Defendants' February 13, 2023 supplemental document production. During this call, Defendants realized for the first time that an email from John Walters to AIG, which Defendants thought was included within Defendants' previous production, was not previously produced. It was inadvertently omitted from Defendants' previous production – not withheld. This is not a "new" email to Plaintiffs. Plaintiffs obtained this document from AIG and quoted directly from the email in their August 15, 2022 First Amended Original Complaint. This document was included in the February 16, 2023 supplemental document production.

### v. *Defendants Will Stipulate to Authenticity of Documents Plaintiff Has Obtained Through Its Non-Party Discovery*

Plaintiffs are in possession of email communications between Defendants' counsel and AIG, which Plaintiffs obtained directly from AIG. Plaintiffs insisted during the February 15, 2023 conference call that Defendants need to produce these documents, which Plaintiffs already have, in order to authenticate these documents. First, under the Federal Rules, "production in response to a discovery request is not a basis for self-authentication." Second, these emails were sent while the undersigned worked at a different law firm. Defendants' counsel does not have reasonable access to these archived emails from 2019 sent from an email account at the undersigned's previous firm. As Plaintiffs have already obtained these emails from AIG, and seemingly want Defendants' to produce in order to authenticate these documents, Defendants will stipulate to the authenticity of any email between Defendants and AIG that Plaintiffs currently have or possess in the future.

Dkt. No. 31 at 3-6 (cleaned up).

"Defendants respectfully request that the Court decline to award fees and costs under Rule 37(a)(5)(A) because Defendants' actions were substantially justified and/or an award of fees and costs would be unjust," explaining that:

- "Defendants do not seek to obstruct discovery";

- "Plaintiffs' counsel and Defendants' counsel have continually worked together in good faith, and Defendants' counsel have repeatedly stated they will work to produce any document Plaintiffs' counsel requests to the extent the document is in Defendants' possession, custody, or control";

- "Defendants' counsel has produced all responsive documents they have received from Defendants' and are not withholding any documents based on discovery objections or privilege"; and

- "Defendants, in good faith, have diligently searched for documents responsive to Plaintiff's Requests for Production, have produced documents in response to Plaintiffs' Requests for Production, have confirmed that they do not have any documents in their possession, custody or control that have not been produced, and have incurred expenses over and above their duties under the Federal Rules of Civil Procedure in an attempt to provide Plaintiffs the documents they seek."

Dkt. No. 31 at 6.

In reply, the Bakers "respectfully request that the Court award fees and costs under Rule 37(a)(5)(A) because Defendants' actions were not substantially justified and/or an award of fees and costs would be unjust," arguing that,

> [b]y their Brief in Opposition [Doc. 31], Defendants fail to provide any compelling evidence or explanation as to why their refusal to respond to written discovery was substantially justified or that the award of expenses would be unjust. Instead, Defendants simply state (once again) that: (1) "there is not one document Defendants have refused to produce because of either an objection asserted against the Requests for Production or under any theory of privilege" and (2) "Defendants have produced every responsive document in their possession, custody, and control." Not only are these representations inaccurate, they only address actions that Defendants took after the Bakers filed their Motion to Compel [Doc. 26] (the "Motion").
>
> As noted in the Motion, the Bakers served written discovery on Defendants on October 20, 2022 (the "Requests"). Thus, Federal Rule of Civil Procedure 34 required Defendants to respond to the Requests on or before November 21. However, Defendants failed to respond to the Requests or produce documents responsive thereto. In an effort to resolve this discovery dispute, the Bakers contacted Defendants via electronic mail regarding the status of their responses/production on November 28 and 29, as well as on December 1 and 5. In these correspondences, the Bakers requested that Defendants commit to producing responsive documents on a date certain. On December 5, Defendants indicated that they "should be able to produce the majority, if not all, of the documents by early to mid-week [the week of December 12]." Once again, in an effort to resolve this discovery dispute, the Bakers responded that they would "wait until close of business on Thursday, December 15," but noted that if they did "not receive a complete production by then, [they would] be forced to file a motion." Unfortunately, Defendants did not respond, and the Bakers filed their motion at 6:43 pm. Only after filing did Defendants acknowledge their failure (once again) to produce responsive materials.
>
> The following day, Defendants contacted the Bakers and asked whether Defendants could produce responsive documents on December 15, 2022. The Bakers agreed but noted that they would not withdraw their Motion before seeing Defendants' production. On December 15, Defendants made their initial production of documents (the "Initial Production"). As noted in prior briefing, however, the Initial Production

> was woefully inadequate. Thus, on December 22, 2022, the Bakers and Defendants (collectively, the "Parties") participated in a conference call – during which the Bakers outlined several glaring deficiencies associated with the Initial Production (the "First Conference"). In response, Defendants indicated that they would revisit the Initial Production and supplement the same, if necessary. Once again, the Bakers noted that they would not withdraw their Motion before seeing Defendants' supplemental production.
>
> In lieu of supplementing their Initial Production, however, Defendants filed a response to the Bakers' Motion in which they claimed that – after being served with the Motion – they: (1) "undertook a diligent effort to identify and compile documents responsive to the [R]equests" and (2) "produced all documents responsive to [the Requests] that [were] within Defendant's possession, custody, or control." Thus, the Bakers were forced to file a Reply in support of their Motion that addressed many of the deficiencies that they raised with Defendants in the First Conference.
>
> On January 26, 2023, the Court entered an Order that (in relevant part) required Defendants to "produce all unproduced, non-privileged documents and electronically stored information that are responsive to [Requests] that are in Defendant's possession, custody, or control" on or before February 9, 2023. Since this time, Defendants have supplemented their production twice – on February 13 and 15, respectively. In both instances, however, Defendants' supplemental productions failed to include materials explicitly referenced in prior briefing, as well as the Court's Order. In an effort to resolve these deficiencies, the Parties have held conferences on February 15/22 and March 2. Based on these conferences, it is the Bakers' understanding that Defendants are still working with third-party custodians (within Defendants' custody/control) to provide a complete production.
>
> While the Bakers are hopeful that the Parties will be able to resolve these issues without further judicial intervention, Defendants' representation that they "have produced every responsive document in their possession, custody, and control" is inaccurate.

Dkt. No. 32 at 1-4 (cleaned up).

But, according to the Bakers, "[e]ven if it were accurate, … Defendants' Brief in Opposition provides no explanation as to why a complete production was not timely made during the Winter of 2022." *Id.* at 4.

**Legal Standards and Analysis**

"The United States Supreme Court has defined 'substantially justified' to mean justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person. 'Substantial justification' entails a reasonable basis in both law and fact, such that there is a genuine dispute ... or if reasonable people could differ as to the appropriateness of the contested action." *Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 286 (N.D. Tex. 2017) (cleaned up).

The undersigned has authority to enter a nondispositive order granting attorneys' fees under Federal Rule of Civil Procedure 37(a). *See* 28 U.S.C. § 636(b); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June 1981) (per curiam) (a magistrate judge has authority to enter a nondispositive order granting attorneys' fees as a sanction under Federal Rule of Civil Procedure 37).

The Court appreciates Defendants' counsel's ongoing efforts to fully comply with Defendants' obligations in responding to the Bakers' discovery requests. But Rule 37(a)(5)(A) requires the Court to order "the party … whose conduct necessitated the [MTC], the party or attorney advising that conduct, or both to pay" the Bakers the "reasonable expenses [that they] incurred in making the [MTC], including attorney[s'] fees" if the MTC "is granted" or "if the … requested discovery is provided after the [MTC] was filed" – unless Defendants' "nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

As the Court previously explained in granting the MTC,

- Defendants' explanation for its late-served objections based on their counsel's illness only accounts for the last half of the 29-day period in which their responses and objections were overdue;

- even had Defendants timely asserted their objections, Defendants' objections to all 59 requests in Plaintiffs' First Set of Requests for Production to Defendants are unsupported boilerplate and are invalid based on Defendants' failing to make the objections with specificity and to explain and support their objections;

- Defendants then failed to reurge their (untimely) objections in the face of the Bakers' MTC and did not produce evidence in support of the objections; and,

- other than as to privilege or work product, Defendants' objections are still improper even if – and are improper for the additional reason that – Defendants' response to the MTC reports that Defendants are not withholding any documents based on those objections.

Defendants' explanations in its brief in opposition to an award of expenses do not justify these failures to timely and then properly object and respond to all of the Bakers' requests, which required the Bakers to file a reply in support of their MTC.

The Court finds that Defendants' failures to timely and properly respond and object to the Bakers' requests for production were not "substantially justified" and that no other circumstances make an award of expenses under Rule 37(a)(5)(A)

unjust.

The Court will award expenses under Rule 37(a)(5)(A) by requiring Defendants' counsel to pay the Bakers their reasonable attorneys' fees and costs incurred in preparing and filing their MTC and reply and appendices in support as well as their Brief in Support of an Award of Fees and Expenses [Dkt. No. 32].

The Bakers' counsel and Defendants' counsel are directed to confer by telephone or videoconference or in person about the reasonable amount of these attorneys' fees to be awarded under Rule 37(a)(5)(A), as specified above. By no later than **Friday, April 14, 2023**, the parties must file a joint report notifying the Court of the results of the conference.

If all disputed issues as to the amount of attorneys' fees to be awarded to the Bakers have been resolved, the Bakers' counsel must also send an agreed proposed order to the Court at Horan_Orders@txnd.uscourts.gov by **Friday, April 14, 2023**.

If the parties do not reach an agreement as to the amount of attorneys' fees to be awarded, the Bakers' counsel must, by no later than **Friday, April 28, 2023**, file an application for attorneys' fees that is accompanied by supporting evidence establishing the amount of the reasonable attorneys' fees (as described above) to be awarded under Rules 37(a)(5)(A). The fee application must be supported by documentation evidencing the "lodestar" calculation, including affidavits and detailed billing records, and citations to relevant authorities and must set forth the itemized number of hours expended in connection with the recoverable attorneys' fees

described above as well as the reasonable rate(s) requested. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002). The application may also include a request for recovery of the fees incurred in preparing and filing this fee application itself. *See Liberty Ins. Underwriters Inc. v. First Mercury Ins. Co.*, No. 3:17-cv-3029-M, 2019 WL 7900687, at *5 (N.D. Tex. Mar. 11, 2019) (noting that Rule 37(a)(5) can include "fees on fees" for the time expended in filing a motion for attorneys' fees).

If an application is filed, Defendants must file a response by **Friday, May 19, 2023**, and the Bakers must file any reply by **Friday, June 2, 2023**.

SO ORDERED.

DATED: March 31, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE